HARDY, Judge.
This action was instituted by plaintiff seeking the expropriation of a lease affecting a certain described piece of property located in the City of Shreveport. Plaintiff’s petition alleged that defendant’s leasehold had no market value other than the nominal sum of $10.00.
The defendant was originally named as Ben Levy, Jr., alleged to be the owner of the lease involved, but subsequent to institution of suit and upon showing that Levy, by properly recorded instrument, had assigned the lease, the New Way Laundry & Dry Cleaning Corporation was recognized as the real party defendant.
The answer of defendant asserted the value of the unexpired term of its lease to be not less than $250,000.00, and, additionally, claimed the value of the machinery in place and connected to the leased building in the amount of $200,000.00. Upon the basis of which claims it prayed for judgment in the full sum of $450,000.00, together with attorney’s fees in the amount of $25,000.00.
From judgment declaring the lease to have no market value and ordering the deposit of $10.00 returned to plaintiff, the defendant has appealed.
The uncontroverted facts are that many years ago a brick building designed for the use and operation of a laundry and dry cleaning business was erected at the corner of Howell Street and Line Avenue in the City of Shreveport. The business owned and operated on the said premises by Shreveport Laundries, Inc., was liquidated in 1955 and in the accomplishment of said liquidation the land and improvements thereupon were sold to one David Goldman, acting for himself and associates, for the sum of $90,000.00, and the laundry business, together with all equipment and appurtenances, was sold to Ben Levy, Sr., for a consideration of $65,000.00. Contemporaneously with these conveyances Goldman leased the building to Levy, Sr., for a term beginning September 9, 1956 and ending March 8, 1958, at a rental of $750.00 per month, together with the assumption by the lessee of additional obligations therein specified. Under date of November 7, 1956 another lease was executed by Goldman as lessor and Ben Levy, Jr., as lessee, in which the term was fixed as commencing September 9, 1956, and terminating March 8, 1963, in consideration of a monthly rental of $750.00 through March 8, 1958, and $1,000.00 thereafter for the remainder of the term of said lease. An amendment to the last described instrument was executed between the said parties under date of September 1, 1957, extending the term thereof to March 8, 1968, and providing for an increase of $100.00 per month in the rental provided in the original lease subsequent to March 8, 1963. The; lease, as amended, was conveyed by Ben Levy, Jr., to New Way Laundry & Dry Cleaning Corporation by instrument dated October 13, 1958. Under threat of expropriation Goldman and his associates, as *518 owners of the land and improvements, sold and conveyed the same to plaintiff by instrument dated February 6, 1959, for a cash consideration of $152,000.00, it being specifically understood and agreed that the said sale and conveyance was made subject to the lease dated November 7, 1956 and amended September 14, 1957. (It is evident that the date "of amendment to the lease is in error and should have been set forth as September 1, 1957).
New Way Laundry & Dry Cleaning Corporation, under mutual agreements with plaintiff, did not vacate the leased premises, which are the subject matter of this litigation, until on or about the month of June, 1960, at which time the unexpired term of the original lease as amended would have been approximately ninety-three months.
It is contended by defendant, on the basis of facts established on trial, that the ownership of machinery, equipment, etc., for damage to which the defendant, New Way Laundry & Dry Cleaning Corporation claims an allowance of damages in the extent of $200,000.00, is not shown to have been vested in said claimant. Our examination of the record serves to sustain this conclusion, and, according to the testimony of Mr. Levy, it appears that his father, to whom the machinery and equipment was sold under the liquidation proceedings, never divested himself of said ownership, in which event his title would have passed to his succession. It is therefore impossible to follow the title to this property, that is, the machinery, equipment, etc., to the present legal ownerships,, and, accordingly, we think no definitive judgment can be pronounced with reference thereto.
The factual finding immediately above set forth serves to limit our consideration in the instant case to the questions concerning the value of the lease.
Careful examination of the voluminous record and the detailed briefs of counsel have served to convince us that there is iio need, in connection with our consideration of this appeal, to encumber this opinion with a number of detailed and involved legal issues which have been tendered. In our opinion the issues to be determined may be succinctly stated as follows:
1. Does defendant’s leasehold interest in and to the real property now held by plaintiff constitute a right to which he is entitled to compensation resulting from plaintiff’s expropriation thereof ?
2. If the above question is entitled to an affirmative answer, has defendant established, on the basis of the record involved in this appeal, a com-pensable value of the lease for which .he must be reimbursed by plaintiff?
We think the first question, as above posed, is precluded from consideration by reason of the allegations of plaintiff’s petition, by which it is bound. The petition alleges that the described tract of land and buildings and improvements thereon were acquired by purchase subject to defendant’s written contract of lease; that plaintiff has amicably attempted to acquire defendant’s interest (the lease) in the described property, without avail; that, accordingly,
“ * * * It is necessary for petitioner to acquire by expropriation proceedings and to expropriate * * * defendant’s rights to and interest in the said tract or parcel of land * * (Emphasis supplied)
and, finally,
“That your petitioner is entitled to and desires to expropriate the property right of the said Ben Levy, Jr., in and to the lease affecting the tract or parcel of land hereinabove described * * (Emphasis supplied)
The only further allegation, and the one which presents the very crux of this case, is plaintiff’s averment that defendant’s leasehold has no market value other than the nominal sum of $10.00.
To this last point we now address our consideration.
*519 Learned counsel for plaintiff relies upon the principle enunciated in the case of In re Morgan R. R. & S. S. Co., 32 La.Ann. 371, to the effect that the true test of the value of a lease which is sought to be expropriated is the sum by which the value of the lease at the time of the taking exceeds the stipulated rental. With this principle we are in firm accord and we do not find that it has never been overruled or modified by any of. the numerous cases touching the question of expropriation which have been determined by our appellate courts.
Resting upon the above stated principle, it is contended on behalf of plaintiff that the defendant has failed to prove any value of his leasehold interest. Admitting that, in a strictly technical sense, this contention is well founded, nevertheless, we are influenced by the equities of the present case to give more detailed consideration to a basis upon which the value of the lease may be determined.
Plaintiff’s expert appraisers dismissed the leasehold rights as having no value. It is quite true that a basis for value as enunciated in the Morgan case was not established. However, under the facts of the present case, such establishment was an utter and absolute impossibility. The building was specially designed, (adopting the descriptive expression of plaintiff’s counsel used in his brief — “tailor-made”), for the operation of a laundry of unusually extensive proportions, and it was used by defendant corporation to house and contain the operation of three independent but related laundry enterprises. A competitive market value of the lease, as to the lessee, could not be established under the rule of the Morgan case, because there was no existing enterprise of a similar nature which would or could have been interested in the negotiation of a similar lease. Under these circumstances we think the record must be examined for some other acceptable evidence bearing upon the value of the rights of the lessee. We do not find that there is any substantial evidence oh this point with the exception of the testimony of J. Pollard Sealy, Jr., on behalf of plaintiff. This witness, an experienced realtor, testified that the rental value should be fixed at $39,000.00 to $40,000.00 per year. It is insistently urged by counsel for plaintiff that this estimate of value was predicated upon a hypothetical question which necessitated the assumption by the witness of a land value of $90,000.00 to $100,000.00 and a value of the constructed improvements in the amount of $238,000.00. Parenthetically, it may be observed that the value of the improvements was derived from the testimony of a qualified building contractor upon the basis of replacement cost. Counsel argues that the hypothetical question indicated total value of land and improvements of approximately $328,000.00, whereas the land and improvements had actually been purchased by plaintiff from the owner thereof for a total consideration of $152,-000.00.
As opposed to the above argument, it is implicit in the record that no suitable building was available for defendant’s occupancy after its enforced abandonment of the premises occupied. The testimony is undisputed that, since its removal from the expropriated premises, the defendant was forced to divide its operations between two widely separated building locations, one in the City of Shreveport and one in the City of Bossier, and incurred a resulting loss of business estimated at approximately 20%.
In justice to defendant, we do not think the above factors can be disregarded. Our principal difficulty lies in the necessity of fixing a just and reasonable basis for defendant’s compensation for the loss of his lease. It is obvious that there is no possible ground for reconciliation as between plaintiff’s contention that the lease was valueless and defendant’s claim for damages to the extent of $250,000.00. To some degree we accept counsel’s argument that the hypothetical question fixes a valuation upon the lease of approximately $40,000.00 per year, based upon an incorrect premise. It must also be observed that the *520 lease, in addition to the rental payment of $1,000.00 per month, contained requirements 'for the assumption of other onerous obligations on the part of the lessee, namely, payment of any increase in tax and insurance rates, maintenance of the premises, compliance with any future requirements of governmental authorities, and maintenance of substantial liability insurance. These obligations are not susceptible of exact computation.
After detailed consideration and some considerable travail, we have reached the conclusion that the only basis for the evaluation of damages, which can be supported by the condition of the record before us, lies in the adoption of a proportionate formula which we may state as follows:
The cost of land and improvements represented by the hypothetical question is to the actual consideration as the hypothetical estimate of rental is to the proportionate rental upon the actual consideration involved.
The hypothetical question involves a total valuation of land and improvements of $328,000.00, whereas the actual consideration paid by the plaintiff was $152,000.00. The estimated rental on the hypothetical value was fixed at $40,000.00. Substituting these figures, in thousands of dollars, we derive the formula 328:152::40:X.
Application of the above formula establishes the value of X as being approximately $18,000.00 per year, or $1,500.00 per month.
It follows that the actual loss to lessee in the value of his lease caused by this expropriation proceeding amounts to $500.00 per month for ninety-three months, the unexpired term of the lease, or a total of $46,500.00, to which it is entitled as damages.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed, and
It is now ordered, adjudged and decreed ¡that there be judgment in favor of defendant, New Way Laundry & Dry Cleaning Corporation, and against the plaintiff, The State of Louisiana, through the Department of Highways, in the principal sum of Forty-six Thousand, Five Hundred ($46,-500.00) Dollars, with interest thereon at the legal rate from date of June 1, 1960, until paid. Plaintiff is taxed only with such costs as are required by law to be paid by an agency of the State Government.